# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1401V
### UNPUBLISHED

RENEE GOREE,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: September 2, 2021

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On September 12, 2019, Renee Goree filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to her left shoulder on October 13, 2017. Petition at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 29, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On September 1, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $95,000.00 in actual and projected pain and suffering[3]. Proffer at 1. In the Proffer, Respondent represented

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] This amount reflects that any award for projected pain and suffering has been reduced to net present value.

that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $95,000.00 (in actual and projected pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

RENEE GOREE,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 19-1401V
Chief Special Master Corcoran

## PROFFER ON AWARD OF DAMAGES

On September 12, 2019, Renee Goree ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that she suffered a left Shoulder Injury Related to Vaccine Administration ("SIRVA") resulting from an influenza ("flu") vaccination administered on October 13, 2017. Petition at *Preamble*. Respondent concluded that petitioner's alleged injury satisfied the criteria of the Vaccine Injury Table, and therefore conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on March 25, 2021. ECF No. 23. Based on Respondent's Rule 4(c) Report the Court found petitioner entitled to compensation on March 29, 2021. ECF No. 24.

## I.    Item of Compensation

Respondent proffers that petitioner should be awarded $95,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

1

## II.    Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$95,000.00** in the form of a check made payable to petitioner.[1] This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

---

[1]  Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

s/Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-1586
Jennifer.L.Reynaud@usdoj.gov

DATED:   September 1, 2021